WEST JERSEY TRACTION COMPANY v. BOWMAN H. SHIVERS ET AL.

A consent by the board of public works of the city of Camden that a street railway may lay and construct its tracks therein, is a street regulation, which, under the city charter and the act creating said board, must be by ordinance.

On *certiorari.*

Argued at June Term, 1895, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutor, *Thomas E. French* and *Lindley M. Garrison.*

For the defendants, *Edward Ambler Armstrong* and *David J. Pancoast.*

The opinion of the court was delivered by

GARRISON, J.   This is a *certiorari* bringing up a resolution of the board of public works of the city of Camden, passed May 4th, 1893, in these words: "*Resolved,* That permission be and the same is hereby given to the Camden Horse Railroad Company to lay and construct its railroad in accordance with its charter in the city of Camden."

This consent was obtained in compliance with the provisions of an act entitled "An act to prohibit the laying or construction of any street or horse railroad along the streets of any municipality of this state without the consent of the governing body having control of the streets in such municipality." *Pamph. L.* 1893, *p.* 144.

By virtue of the act of 1892 (*Pamph. L., p.* 215), "the board of public works of the city of Camden" became the governing body having control of the streets of that municipality, being substituted in that respect for the common council

thereof, and was vested with all of the functions previously exercised by the council, to be performed " in the same manner and with like power and authority as the same" had been vested in the common council. To this was added the express injunction that " this act shall be so construed."

The power of the common council under the charter of the city of Camden (*Pamph. L.* 1871, *p.* 210), is to make and establish " ordinances, rules, regulations and by-laws," to regulate highways and " to prescribe the manner in which corporations or persons shall exercise any privilege granted to them in the use of any street, avenue, highway or alley in said city, or in digging up any street, avenue, highway or alley, for the purpose of laying pipes or any other purpose whatever."

The legislative language thus used occurs likewise in the charters of the cities of Newark and Lambertville, and has received judicial construction in the case of consents given by those cities to corporations and individuals for the use of the streets therein. *Halsey* v. *Newark,* 25 *Vroom* 102; *Hunt* v. *Lambertville,* 16 *Id.* 279.

In each of these cases it was held by this court that such consent must be by formal ordinance, and that a simple resolution to that end was ineffectual.

Applying that construction to the board of public works of the city of Camden in its performance of the functions of the common council to which it succeeded, the resolution before us must be held to be inefficacious to confer upon the horse railroad company the requisite permission to use the streets of the municipality.

The question of the interest of the prosecutor in the subject-matter brought up by this writ, is not before us in this return. *Avon* v. *Neptune City,* 28 *Vroom* 701.

Let the resolution be set aside, with costs.